## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THE CITY OF NORTH CHICAGO, ILLINOIS, a municipal corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| TWIN CITY FIRE INSURANCE COMPANY, a foreign corporation, and HARTFORD FINANCIAL SERVICES GROUP, INC., a foreign corporation, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES Plaintiff, THE CITY OF NORTH CHICAGO, ILLINOIS, (hereinafter "North Chicago"), and for its complaint against Defendants, TWIN CITY FIRE INSURANCE COMPANY and THE HARTFORD FINANCIAL SERVICES GROUP, INC., (collectively, "The Hartford") state as follows:

### Parties and Jurisdiction

1. Plaintiff, the City of North Chicago, Illinois, is a municipal corporation located in Lake County, Illinois.

2. Defendant, Twin City Fire Insurance Company, is an Indiana corporation headquartered at 501 Pennsylvania Parkway, Suite 400, Indianapolis, Indiana 46280-0014. Twin City Fire Insurance Company is a wholly-owned subsidiary of The Hartford.

3. Defendant The Hartford Financial Services Group, Inc., (known as "The Hartford"), is a Delaware corporation, headquartered at One Hartford Plaza, Hartford, Connecticut 06155, and is a financial holding company for a group of insurance and non-

insurance subsidiaries that provide property and casualty, group benefits and investment products to both individual and business customers in the United States.

4. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(c)(1) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and because the action is between citizens of different states.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff City of North Chicago is situated in this district and the events giving rise to the claims occurred in this judicial district.

**Background**

6. Jason Strong filed a civil rights complaint in the U.S. District Court for the Northern District of Illinois, Eastern Division, Case No. 16 CV 4885, which included ten (10) counts against ten (10) Lake County municipalities and certain of their employees, including the City of North Chicago and Walter Holderbaum, a former North Chicago police officer.

7. Claimant Jason Strong (hereinafter "Strong'), alleged he was wrongfully arrested on December 20, 1999, for the murder of a woman whose body was found in a Lake County forest preserve on December 9, 1999. He was later charged and convicted of first degree murder. Strong alleged he had wrongfully spent 15 years in prison until the State's Attorney dropped all charges and Strong was released from prison on May 28, 2015. On April 15, 2016, the Circuit Court of Lake County granted Strong a Certificate of Innocence.

8. At a settlement conference before Magistrate Judge Sidney Schenkier on July 24, 2017, the Strong case settled for $9,000,000.00. The City of Waukegan paid $6,000,000.00 of that settlement, and each of the other nine (9) municipal defendants each paid $333,333.33.

9. As the settlement conference was underway before Judge Schenkier, Ms. Erin Fontaine, a/k/a Erin Beaulieu, Senior Home Office Consultant, Major Case Unit – Liability for The Hartford Financial Services Group, Inc., who attended with the attorneys for North Chicago and Holderbaum, first told lead counsel for North Chicago that The Hartford was only going to pay half of any settlement and half of any attorneys' fees.

10. At that juncture of the settlement conference, it was determined by counsel for the City that the City could not be the only defendant walking away from the settlement negotiations, which would have left all of the other defendants settling the case and leaving the City of North Chicago hanging out to dry as a result of Ms. Fontaine's eleventh-hour announcement.

11. At no time prior to the settlement conference did Ms. Fontaine advise counsel for the City, or the City itself, that The Hartford was only willing to fund 50% of any settlement to Jason Strong on behalf of the City. Nor did Ms. Fontaine ever request in writing, or receive, any indication that the City would contribute any of its own funds to any settlement.

12. Ms. Fontaine had also previously participated in a teleconference of the Strong defendants and their insurers (along with second-chair counsel for North Chicago and Holderbaum), and never said a word about any declination of coverage, allocations of settlements, or allocations of attorneys' fees and costs.

13. The primary focus of the settlement was damages payments. The settlement was not apportioned into percentages for various counts of the underlying complaint.

## The General Liability Policy

14. There is a General Liability policy, Number 83 CES QH4348E, (hereinafter "the Policy"), underwritten by Defendant Twin City Fire Insurance Company, for the period of April

30, 2000, to April 30, 2001, covering the City of North Chicago, constituting a contract between the parties. A copy of that policy is attached hereto as Exhibit 1.

15. The Policy has a $2,000,000.00 limit of liability and covers Public Entity General Liability and Law Enforcement Liability for injuries (other than bodily injury) for violation of civil rights in the conduct of law enforcement operations of the City of North Chicago. See, Ex. 1, Form GN 04 10 04, page 2 of 2.

16. The Law Enforcement Liability endorsement to the Policy also states that as the insurer, Defendants "have the right and duty to defend any 'claim' or 'suit' seeking such damages, even if the allegations of the 'claim' or 'suit' are groundless, false or fraudulent." See, Ex. 1, Form GN 04 10 04, page 1 of 2.

17. The Policy contains no language that the duty to defend only extends to post-tender "suits," "claims," fees, or costs, or that any duty to defend begins on the date of tender of the claim or suit to defendants.

18. The Policy contains no language as to allocation of either settlement amounts or allocation of fees and costs in the defense of the "claims" or "suits."

19. On February 6, 2017, Ms. Julie Dengler, Claims Consultant for Defendants, sent a Reservation of Rights letter to the City of North Chicago regarding Policy No. 83 CES QH4348. A copy of the letter is attached hereto as Exhibit 2.

20. The Reservation of Rights letter acknowledged and admitted the duty to defend. It said that "[t]he Hartford will provide a defense to North Chicago and Walter Holderbaum with respect to this claim, under a reservation of rights."

21. The Reservation of Rights letter further acknowledged and stated that the policy provides, "[w]e will pay on behalf of the insured all sums which the insured shall become legally

obligated to pay as damages because of … violation of civil rights" (in the conduct of your law enforcement operations).

22. The letter further stated that "[t]o the extent it can be argued that the Complaints include such allegations against North Chicago and/or Holderbaum, there is potential personal and advertising injury coverage for false arrest, malicious prosecution, and violation of civil rights, under certain circumstances."

23. The letter then pointed out the exclusions that "may impact coverage, in whole or in part":

1. Injury arises out of an offense committed with the expectation of inflicting injury;
2. Injury from the knowing publication of false material;
3. Injury from oral or written publication of material first published before the beginning of the policy period;
4. Injury for which the insured assumed liability in a contract or agreement, such as contractual indemnification;
5. Injury which results from any dishonest, fraudulent, criminal or malicious act by the insured.

24. The letter further stated that "[t]he Hartford will defend Walter Holderbaum and North Chicago while reserving its rights under the Policy. The Hartford's reservation includes the right to deny coverage for uncovered elements of the claims as explained in this letter, to file a declaratory judgment action to determine coverage issues and to withdraw from the defense to the fullest extent allowed by applicable law.

25. The letter further stated that "[a]lthough there are insurance coverage issues as explained herein, the Hartford is defending all of the allegations against North Chicago and Holderbaum in the Complaints in their entirety."

5

26. The Defendants issued a Reservation of Rights letter, but have failed to defend the suit under that reservation of rights in that they have not paid any costs or attorneys' fees incurred by Plaintiff in defense of the Strong case.

27. Nor did the Defendants seek a declaratory judgment that there is no coverage of the Strong case.

28. Since the Defendants failed to take either of these steps (defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage), Defendant insurers are estopped from raising policy exclusions or defenses to coverage.

29. It is the Defendants' obligation to pay the City of North Chicago for the settlement amount as well as all attorneys' fees and costs in defending the lawsuit brought against it and its former employee, Walter Holderman, by Jason Strong..

30. Defendants have only paid $166,666.66, or fifty percent (50%) of the $333,333.33 settlement amount, which was paid to Jason Strong and his attorneys.

31. Defendants have failed to pay the remaining $166,666.67 of the settlement, and have further failed to pay any costs and/or attorneys' fees incurred by the City of North Chicago in the Jason Strong matter in the amount of $143,393.50 for attorneys' fees and $18,349.73 for costs.

32. Defendants initially tried to allocate attorneys' fees at 50% but had to be either reminded or educated that they are required by law to defend the entire action. Despite that, they have failed to pay any attorneys' fees or costs incurred in the Jason Strong matter.

33. Although repeatedly requested to do so, Defendants failed, refused, and continue to fail and refuse to pay Plaintiff City of North Chicago for the remaining amount of the settlement and for its attorneys' fees and costs in defending the Jason Strong case..

6

## COUNT I
### Breach of Contract

34. Plaintiff re-alleges paragraphs 1 through 33 above as though fully set forth herein as its Paragraph 34.

35. The insurance contract between the City of North Chicago and Defendants contains an implied duty of good faith and fair dealing.

36. By their actions, and inactions, Defendants have breached the implied duty of good faith and fair dealing implied in the Policy.

37. Defendants' failure to pay the entire $333,333.33 settlement of the Jason Strong lawsuit is a breach of the insurance contract.

38. Defendants' failure to pay the attorneys' fees in the amount of $143,393.50 and costs in the amount of $18,349.73 incurred in the defense of the Jason Strong lawsuit is a breach of the insurance contract.

39. These breaches of the insurance contract were and are the direct and proximate cause of damage to the City of North Chicago in an amount in excess of $75,000.

40. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act, 815 ILCS §205.2, and, therefore, the City of North Chicago is entitled to prejudgment interest.

WHEREFORE, Plaintiff, the City of North Chicago, is entitled to judgment against the Defendants in the amount of $328,743.23, plus prejudgment interest and attorneys' fees and costs incurred by Plaintiff as a result of bringing this action.

## COUNT II
## Breach of the Illinois Insurance Code, 215 ILCS §5/155

41. Plaintiff re-alleges paragraphs 1 through 40 above as though fully set forth herein as its Paragraph 41.

42. At all times relevant herein, Defendants' internal claims policies, practices, and procedures were required to be in compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with Sections 154.5 and 154.6 of the Illinois Insurance Code, 215 ILCS §5/154.4 and §5/154.6.

43. An insurer that forces an insured to litigate a claim knowing that it has no substantial grounds to reject the claim is guilty of bad faith.

44. Defendants engaged in bad faith, and continue to engage in bad faith.. They breached their duty of good faith and fair dealing, in violation of 215 ILCS §5/155. They disputed the amount of the loss payable on the claim of settlement in the Strong case. They have refused to pay attorneys' fees and costs of defense of the claim.

45. Plaintiff City of North Chicago is entitled to an award of taxable fees and costs under Section 155 of the Illinois Insurance Code, 215 ILCS §5/155, by virtue of Defendants' engaging in the following vexatious and unreasonable conduct including, but limited to:

   (a) Failing to pay Plaintiff, the City of North Chicago, after being notified of the loss, and further engaging in actions which constitute an unreasonable delay in paying the losses as a matter of law in violation of the regulations promulgated by the Illinois Director of Insurance within §919.80(d)(7)(A) of the Illinois Administrative Code;

   (b) Failing to provide Plaintiff, the City of North Chicago, with a reasonable written

|   |   |
|---|---|
|   | explanation for the delay in resolving its losses and claims, after the claim remained unresolved, in violation of the regulations promulgated by the Illinois Director of Insurance within §919.80(d)(7)(B) of the Illinois Administrative Code. |
| (c) | Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's losses and claims, in which liability was reasonably clear, in violation of §154.6(d) of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within §919.50 of the Illinois Administrative Code; |
| (d) | Misrepresenting to Plaintiff that Defendants were not responsible for any pre-tender attorneys' fees and costs in violation of §154.6(a) of the Illinois Insurance Code; |
| (e) | Misrepresenting to Plaintiff that Defendants were not responsible for the entire cost of the settlement with Jason Strong in violation of §154.6(a) of the Illinois Insurance Code; |
| (f) | Misrepresenting to Plaintiff that Defendants could allocate settlements, fees and costs under the Policy in violation of §154.6(a) of the Illinois Insurance Code; |
| (g) | Failing to acknowledge pertinent communications with respect to claims for payment of the settlement amount, attorneys' fees and costs arising under the Policy in violation of §154.6(b) of the Illinois Insurance Code; |
| (h) | Ignoring repeated attempts by the insured to set up a meeting to discuss the dispute in violation of §154.6© of the Illinois Insurance Code; |
| (i) | Failing to adopt and implement reasonable standards for the prompt investigations |

and settlement of claims arising under the Policy in violation of §154.6(c) of the Illinois Insurance Code;

(j) Paying only one-half of the settlement amount in the Jason Strong case as a result of an investigation conducted by Defendants' claim representative who lacked the appropriate background, training, and expertise to determine that the claim should have been paid in full under the applicable law;

(k) Compelling Plaintiff policyholder City of North Chicago to institute this suit to recover amounts due under the Policy by offering the substantially less one-half of the settlement amount and paying no fees or costs under the Policy in violation of §154.6(e) of the Illinois Insurance Code;

(l) Refusing to pay any of the claims upon which this lawsuit is based without conducting a reasonable investigation based on all available information in violation of §154.6(h) of the Illinois Insurance Code;

(m) Failing to promptly affirm or deny coverage of the claims upon which this lawsuit is based if Defendants intended to go against language spelled out in the Reservation of Rights letter in violation of §154.6(i) of the Illinois Insurance Code;

(n) Failing, in the case of their denial of the claims upon which this lawsuit is based, to promptly provide a reasonable and accurate explanation of the basis in the insurance policy or applicable law for such denial in violation of §154.6(n) of the Illinois Insurance Code; and

(o) Failing to carry out its part of the bargain under the insurance contract, contrary to its claim handling philosophy.

46. Additionally, Defendants acted in a wanton, malicious, or outrageous fashion with the purpose of harming the insured City of North Chicago.

47. The Defendants knew that they did not have a reasonable basis for denying the claim, or, in the alternative, acted in a reckless disregard of whether a reasonable basis for denial existed.

48. Additionally, the statutory penalties under 215 ILCS 5/155 are justified since the defendant insurers have failed to pay what they agreed to pay as uncontested amounts while contesting the remainder of the claim.

49. The City of North Chicago, as insured, was forced to file suit, and by Defendants' actions and inactions was deprived of the use of its property.

50. As a result of the vexatious and unreasonable conduct of the Defendants, Plaintiff is entitled to damages, including attorneys' fees and costs and additional penalties under 215 ILCS §5/155 for having to bring this lawsuit to collect on the contract of insurance.

WHEREFORE, Plaintiff, the City of North Chicago, is entitled to judgment against the Defendants in the amount of $328,743.23, plus prejudgment interest and attorneys' fees and costs incurred by Plaintiff as a result of bringing this action.

CITY OF NORTH CHICAGO

By: /s/ Thomas G. DiCianni

Thomas G. DiCianni (ARDC# 3127041) / tdicianni@ancelglink.com
Ellen K. Emery (ARDC# 6183693) / eemery@ancelglink.com
David S. Silverman (ARDC# 6271447) / dsilverman@ancelglink.com
Adam B. Simon (ARDC# 6243892) / asimon@ancelglink.com
ANCEL, GLINK, DIAMOND, BUSH, DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
(312) 782-7606
(312) 782-0943 Fax
4836-7289-8153, v. 1